**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-5030

RONNEY O. GILLIAM,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-97-136)

Submitted: September 15, 1998

Decided: October 16, 1998

Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Charles Neeley, Jr., ROBINSON, SHELTON, MALONE &
ANDERSON, Norfolk, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Robert F. Porcarelli, Special Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ronney O. Gilliam appeals from the district court's order affirming a magistrate judge's decision after a bench trial finding Appellant guilty of larceny of government property, in violation of 18 U.S.C.A. § 641 (West Supp. 1998). We have reviewed the record and the magistrate judge's findings, and finding no error, we affirm the judgment of conviction.

Gilliam activated an electronic monitoring system as he was attempting to exit the Navy Exchange at Norfolk Naval Base. A subsequent search of Gilliam's shopping bags by store security staff revealed a cellular telephone which was not listed on any of the sales receipts in his possession. Gilliam testified at trial that he left his cart unattended for a minute or two. When he returned, he saw a young woman "fumbling through" his cart. After he confronted her, she left. The defense argued at trial that the young woman had intended to use Gilliam as a "mule" to take the telephone out of the Navy Exchange. On appeal, Gilliam contends that there was insufficient evidence to support his conviction.

Evidence is sufficient to support a conviction so long as, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). An appellate court does not review the credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

We find the evidence sufficient to sustain Gilliam's larceny conviction. The magistrate judge had the opportunity to judge the demeanor and credibility of Gilliam and elected not to credit his testimony. We

2

will not disturb this judgment. Accordingly, we find that a rational trier of fact could have concluded that Gilliam knowingly placed the telephone in his bag. For these reasons, Gilliam's conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3